IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL MOORE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:20-cv-00927-PX |
| REALPAGE UTILITY MANAGEMENT INC., | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Pending before the Court is the motion for judgment on the pleadings filed by Defendant RealPage Utility Management, Inc. ("RealPage"). ECF No. 59. The motion is fully briefed and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is denied.

**I.   Background**

RealPage provides a "utility billing services platform" that assists third-party landlords in collecting utility charges. ECF No. 32 ¶¶ 15, 16. RealPage contracts directly with landlords to provide billing services for them. *Id.* ¶¶ 3, 64. RealPage then bills tenants on a monthly basis. *Id.* ¶¶ 14, 20, 50, 51. RealPage is not licensed to act as a collection agency in Maryland. *Id.* ¶¶ 5, 36.

Plaintiff Paul Moore ("Moore") is a tenant who has received bills from RealPage "seeking to collect allocated utility charges and administrative fees from him, concerning his apartment house residence." *Id.* ¶ 50; *see also id.* ¶¶ 51, 53, 63. The bills itemize charges for water, sewer, and gas services, and separately assess an "Administrative Service Fee." *Id.* ¶ 52. The Amended Complaint describes nine bills that RealPage sent to Moore over the course of nine months. *Id.* ¶¶ 54-62. Although the utility charges varied from month-to-month, each bill

included a flat Administrative Service Fee of $5.50.  *Id.*  Moore alleges that the Administrative Service Fee requires tenants "to pay RealPage for billing them" and "is a fee imposed on tenants to pay RealPage for its unlicensed collection activity."  *Id.* ¶¶ 4, 17.  Moore avers that he has suffered both monetary harm and emotional damages arising from RealPage's unlicensed collection activities.  *Id.* ¶¶ 94-96.

On February 26, 2020, Moore filed suit in the Circuit Court for Montgomery County on behalf of himself and a similarly situated tenant class.  *See generally* ECF No. 6.  RealPage noted timely removal to this Court.  ECF No. 1.  Moore next amended the Complaint, asserting five causes of action:  declaratory and injunctive relief under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Proc. § 3-406 (Count I); violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. L. § 14-202 ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. L. § 13-303 ("MCPA") (Counts II & III); and common law equitable claims of "money had and received" and unjust enrichment (Counts IV & V).  Discovery has not yet concluded.  *See* ECF No. 57.

On August 26, 2022, RealPage moved for judgment on the pleadings solely as to Counts II-V.  ECF No. 59.  The motion is ripe for resolution and for the following reasons, it must be denied.

**II.**     **Standard of Review**

A party may move for judgment on the pleadings essentially at any time "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c).  A motion under Rule 12(c) "is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)."  *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013).  The well-pleaded allegations are accepted as true and viewed most favorably to the party pursuing the allegations.  *ImpactOffice, LLC v. Siniavsky*, No. TDC-

2

15-3481, 2017 WL 1410773, at *3 (D. Md. Apr. 19, 2017).  The motion will not be granted unless "no genuine issues of material fact remain and the case can be decided as a matter of law." *Bell Atl.-Md., Inc. v. Prince George's Cnty.*, 155 F. Supp. 2d 465, 473 (D. Md. 2011) (internal quotations and citation omitted).

In resolving a motion under Rule 12(c), "the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are 'integral to the complaint and authentic.'" *ImpactOffice*, 2017 WL 1410773, at *3 (citing *Occupy Columbia*, 738 F.3d at 116) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).  The court may "properly take judicial notice of matters of public record." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips*, 572 F.3d at 180).  The court may also, in its discretion, consider evidence beyond the four-corners of the pleadings. *A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964).  However, in that circumstance, "the motion must be treated as one for summary judgment" and "the parties must be given a reasonable opportunity to present all the material pertinent to the motion." *Jones v. Nucletron Corp.*, No. RDB-11-02953, 2013 WL 663304, at *4 (D. Md. Feb 20, 2013) (quoting Fed. R. Civ. P. 12(d)) (internal quotations omitted).

### III.   Analysis

#### A.   Statutory Claims Under the MCDCA and MCPA (Counts II & III)

RealPage first argues that it is entitled to judgment on the state statutory claims because the Amended Complaint fails to establish that its alleged unlicensed collection activities caused the injuries averred.  The Maryland Collection Agency Licensing Act ("MCALA") provides that any entity that collects or solicits consumer claims is a "collection agency" and must be properly

3

licensed to conduct its business in the state. Md. Code Ann., Bus. Reg. §§ 7-101(d)(1), 7-301(a), & 7-401(a). The MCDCA, in turn, prohibits efforts to "[e]ngage in unlicensed debt collection activity in violation of the" MCALA. Md. Code Ann., Com. L. § 14-202(10); *see also* Md. Code Ann., Com. L. § 14-202(8). Likewise, the MCPA prohibits "unfair, abusive, or deceptive trade practice[s]" including the unlawful collection of consumer debts. Md. Code Ann., Com. L. § 13-303(5); *see also* Md. Code Ann., Com. L. § 13-301(14)(iii). Thus, any "violation of MCALA is a violation of the MCDCA as well as a violation of the [M]CPA[.]" *Andrews & Lawrence Pro. Servs. v. Mills*, 467 Md. 126, 152 (2020); *see also Cilano v. Shea*, No. PWG-19-827, 2020 WL 12744576, at *2 (D. Md. Apr. 2, 2020) ("Attempting to collect debts without a license constitutes a violation of the MCDCA and MCPA.").

RealPage does not dispute that it qualifies as a collection agency under the MCALA or that it has operated in Maryland without the proper license. *See generally* ECF No. 59-1. RealPage instead argues broadly that the Amended Complaint fails to make plausible that RealPage's "lack of a license" caused Moore to suffer damages. ECF No. 59-1 at 2, 7-15. The argument is not persuasive.

### i. Actual Damages

To sustain the statutory causes of action, a plaintiff must aver "actual damages" arising from the statutory violations. *Assanah-Carroll v. Law Offices of Edward J. Maher, P.C.*, 480 Md. 394, 415 (2022); *see also* Md. Code Ann., Com. L. §§ 14-203 & 13-408(a). Further, actual damages for such violations do not include "payments made on a lawful and undisputed debt"— here, the actual utility charges that Moore and the tenant class owed. *See Allen v. Silverman Theologou, LLP*, No. JFM-14-3257, 2015 WL 2129698, at *8 (D. Md. May 6, 2015).

4

But the Amended Complaint does not plead the underlying debts owed for utilities as the damages. Rather, it avers that service fees paid to RealPage for its collection efforts are the proper measure of damages. *See Allen*, 2015 WL 2129698, at *7 ("[A]n example of compensable proximate damages are fees improperly added to a plaintiff's debt by the collection agency."). In this respect, the Amended Complaint makes plausible that the improper service fee flows from RealPage's circumvention of the licensing requirements. *See Sullivan v. YES Energy Mgmt., Inc.*, No. GJH-22-0418, 2022 WL 4777791, at *2, 6-8 (D. Md. Sept. 30, 2022) (unlicensed collection agency's $3.00 service fee for billing on behalf of landlord was sufficient damages under the MCDCA and MCPA). Because the Amended Complaint makes plausible that Moore and the tenant class paid RealPage a monthly Administrative Service Fee of $5.50 *as a result of* RealPage's unlicensed collection activity, the claim survives challenge. ECF No. 32 ¶¶ 4, 8, 14, 17, 38, 40, 54-62, 94, 95.

RealPage presses that *Citaramanis v. Hallowell*, 328 Md. 142 (1992), compels a different result. It does not. In *Citaramanis,* the Supreme Court of Maryland rejected that "a tenant who brings a private action under the [M]CPA may be awarded restitution of rent paid for an unlicensed dwelling upon proving lack of licensure alone." *Id.* at 147-59. Notably, the plaintiffs in *Citaramanis* alleged violations under the MCPA stemming from their rental of an unlicensed property and claimed as damages the rent already paid. *Id.* at 145. Even though the MCPA violation was clear, the plaintiffs had not alleged any damages apart from the rent payment itself. *See id.* at 149. The court emphasized that the plaintiffs had received a suitable, habitable rental, and thus everything to which they were entitled in exchange for paying the rent. *Id.*

For similar reasons, RealPage's reliance on *Aleti v. Metro. Baltimore, LLC*, 479 Md. 696 (2022), is also unhelpful. There, the plaintiff tenants alleged violations of a city code stemming

5

from the defendant landlord's lack of licensure and, similar to *Citaramanis*, sought as damages "all rent and other compensation paid to [the landlord] during the 302 days it was unlicensed[.]" *Id.* at 714-15.  The plaintiffs also sought to recoup separate "fees," but none were averred as stemming from the landlord's unlicensed activity.  *See id.* at 714.

Here, by contrast, the measure of damages flows directly from RealPage's unlicensed collection activities, not from the underlying utility charges which plaintiffs lawfully owed.  The improperly added fee, therefore, amounts to "compensable proximate damages" stemming from RealPage's unlawful collection activities.  *Cf. Allen*, 2015 WL 2129698, at *7-8 (claimed damages were debts plaintiff validly owed, not a separate administrative fee which, as pleaded, was direct outgrowth of the defendant's unlicensed collection activities).

Other cases on which RealPage relies do not concern fees arising out of allegedly unlicensed activities.  *See Velicky v. Copycat Building LLC*, 476 Md. 435, 439-42 (2021) (unlicensed landlord seeking repossession of apartments); *Sanders v. SM Landover, LLC*, No. 1876 Sept. Term 2021, 2023 WL 1097343, at *2-3 (App. Ct. Md. Jan. 30, 2023) (home purchasers seeking to recover recordation and local transfer taxes).  Altogether, RealPage's "long unbroken line of Maryland cases[,]" ECF No. 59-1 at 10, bears little resemblance to Moore's allegations against RealPage.  Thus, none persuade this Court that judgment in RealPage's favor is warranted.

RealPage lastly argues that because Moore agreed to pay an Administrative Service Fee as part of his lease agreement, the fee is part of the lawful debt owed to the landlord, and so cannot constitute an injury stemming from the statutory violations.  ECF Nos. 59-1 at 8 n.2, 62 at 11 n.6, and 63 at 2.  But the lease is not integral to the Amended Complaint, nor it is even attached as an exhibit to RealPage's motion.  It would be wholly improper for this Court to

6

accept RealPage's one-sided characterization of the lease terms at this early stage in the litigation. Thus, when confining the analysis to the complaint facts, the claims make plausible sufficient injury stemming from RealPage's collection of unauthorized fees. The motion for judgment on the pleadings is therefore denied as to Counts II & III.

### ii. Emotional Distress Damages

RealPage also maintains that Moore's allegations of "emotional distress" damages cannot support a claim under the MCDCA or MCPA. ECF No. 59-1 at 13. Because the Amended Complaint seeks such damages solely under the MCDCA, the Court confines its analysis to that claim. *See* ECF No. 60 at 30 n. 13; *compare* ECF No. 32 ¶ 101, *with* ECF No. 32 ¶ 96. Importantly, the MCDCA expressly provides that violators of the statute are "liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." Md. Code Ann., Com. L. § 14-203. RealPage argues that no facts establish a causal connection between RealPage's unlicensed collection activities and Moore's emotional distress because his alleged anguish stems "from having to pay the Administrative Service Fee, not because RealPage is not licensed as a collection agency." ECF No. 59-1 at 14. But, as the Court has already explained, the Administrative Service Fee was a direct result of RealPage's unlicensed collection activities. And Moore has made plausible that his payment to RealPage "for its illegal activity" caused him to suffer "stress and anxiety." ECF No. 32 ¶ 96. At this stage, the Amended Complaint pleads a sufficient causal connection to survive challenge.

### B. Common Law Claims (Counts IV & V)

As to Moore's claims for "money had and received" and unjust enrichment, RealPage first argues that Moore "cannot state a claim under either theory premised on the lack of

licensure alone." ECF No. 59-1 at 15.  This sleight of hand is unavailing.  As discussed, the Amended Complaint makes plausible that the claims derive from the unlawful service fees that RealPage was able to collect *because of* its provision of unlicensed collection services.  ECF No. 32 ¶¶ 4, 17.  For this reason, RealPage's reliance on *Cilano v. Shea* is misplaced.  The *Cilano* court concluded that the plaintiffs could not pursue similar equitable claims against the defendant, a condominium property manager, because no facts made plausible that the manager received any benefit or payment.  *Cilano*, 2020 WL 12744576, at *4.  Here, by contrast, RealPage collected a separate Administrative Service Fee for performing its unlicensed collection services, and the lack of licensure makes plausible that RealPage had no legitimate entitlement to collect this fee.

RealPage next maintains that the common law claims fail because the Amended Complaint does not allege any amounts Moore "directly paid to RealPage, as opposed to his landlord." ECF No. 59-1 at 20.  To be sure, both claims require that defendant has received a benefit from plaintiff which "in equity and good conscience, he ought not to be allowed to retain." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 437 (D. Md. 2014) (quoting *Benson v. State*, 389 Md. 615, 652-53 (2005)); *see also Benson*, 389 Md. at 651-52 (unjust enrichment entails plaintiff conferring on defendant a benefit to which he is not entitled and should not keep).  But the Amended Complaint makes this key element plausible.  It expressly avers that Moore and the tenant class paid RealPage—not the landlord—a monthly Administrative Service Fee of $5.50.  And nowhere does the Amended Complaint aver that such fees were agreed upon in advance as part of lease terms.  *See generally* ECF No. 32.  Thus, the Amended Complaint makes plausible the liability theory that RealPage obtained funds to which it is not entitled.  Judgment on the pleadings must be denied as to Count IV and V.

## IV.  Conclusion

For the foregoing reasons, the motion for judgment on the pleadings as to Counts II-V is DENIED.  A separate Order follows.


March 22, 2023                                                                    /s/
Date                                                             Paula Xinis
                                                                 United States District Judge