**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **PAUL MOORE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| **REALPAGE UTILITY MANAGEMENT, INC.,** | * | **Case No.: 8:20-CV-00927-PX** |
| | * | Hon. Paula Xinis |
| **Defendant.** | * | |

* * * * * * * * * * *

**FINAL ORDER APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement (ECF No. 73-1) (the "Settlement Agreement") by and between the Plaintiff, Paul Moore (acting individually and on behalf of the Settlement Class defined below) and Defendant RealPage Utility Management, Inc. ("RUM"), and after review of the memoranda and arguments of counsel,

IT IS HEREBY ORDERED and adjudged as follows:

1. This Court certified the following Class (the "Settlement Class") in this case, for settlement purposes only, by Order entered February 5, 2024:

> All persons to whom RUM sent a monthly statement pertaining to utility usage concerning a Maryland residence, which included an administration fee, during the Class Period.

ECF No. 74 ("Preliminary Approval Order") ¶ 3. Excluded from the Settlement Class are all employees, officers and directors of RUM, and all employees of the Court. *Id.* ¶ 4.

2. Pursuant to Fed. R. Civ. P. 23, and as discussed below, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement

Class members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The relief provided for the Class in the Settlement is adequate and the proposal treats Class members equally relative to each other. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

3. For the purpose of settlement, as addressed further below, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby finally certifies the Settlement Class.

4. The Court finds that the notices disseminated pursuant to the Preliminary Approval Order to the approximately 233,000 persons on the Class List, which was compiled and provided to the Settlement Administrator by RUM pursuant to the Settlement Agreement and Preliminary Approval Order, were in compliance with the Preliminary Approval Order and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that all persons identified on the Class List who have not opted out fall within the Class definition above.

5. A list of any persons (found at ECF No. 83 at 13), who have opted out of the Settlement Class is incorporated by reference into this Order. Any and all persons who opted out are not Settlement Class members.

6. The Court finds that pursuant to the Settlement Agreement ¶ 15, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, RUM timely served notices of the settlement on state and federal regulatory authorities on January 12, 2024.

7. The Court appoints Paul Moore as the Class Representatives of the Settlement Class, and finds that he meets the adequacy requirements of FED. R. CIV. P. 23(a)(4).

8. The Court appoints the following lawyers as Class Counsel for the Settlement Class, and finds that these counsel meet the adequact requirements of FED. R. CIV. P. 23(a)(4):

Benjamin H. Carney
Martin E. Wolf
Richard S. Gordon
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, Maryland 21031

Benjamin H. Carney is hereby appointed as Lead Counsel for the Class.

9. The Court further finds that all the requirements for class certification are met in this case.

**(a) The Class Certification Requirements of Fed. R. Civ. P. 23(a)**

Pursuant to the Agreement, and for settlement purposes only, the Court finds that the class certification requirements of Fed. R. Civ. P. 23(a) are met.

**i. Ascertainability, and Fed. R. Civ. P. 23(a)(1) (Numerosity).** As RUM has certified in the Agreement that thousands of persons are Settlement Class members, and as RUM has agreed to provide a Class List identifying Settlement Class members, the Class is ascertainable and so numerous that joinder of all members is impracticable;

**ii. Fed. R. Civ. P. 23(a)(2)(Commonality).** There are questions of law or fact common to the Settlement Class, including whether RUM's alleged actions in sending monthly statements to Settlement Class Members which included charges for administrative fees constituted conducting a collection agency business under the Maryland Collection Agency Licensing Act, Md. Bus. Reg. § 7-101 *et seq*. and violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq*. (Fed. R. Civ. P. 23(a)(2));

iii. **Fed. R. Civ. P. 23(a)(3) (Typicality).** The claims of the Representative Plaintiff are typical of the claims of the Settlement Class that Representative Plaintiff seeks to certify, as Representative Plaintiff's claims center on the same facts and legal theories which are central to Settlement Class Members' claims (Fed. R. Civ. P. 23(a)(3)); and,

iv. **Fed. R. Civ. P. 23(a)(4) (Adequacy).** Representative Plaintiff and his counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiff and the Settlement Class has been shown, and he has retained counsel experienced in class action litigation.

**(b) The Class Certification Requirements of Fed. R. Civ. P. 23(b)(3)**

Pursuant to the Agreement, and for settlement purposes only, the Court finds that the prerequisites of Fed. R. Civ. P. 23(b)(3) are met, as:

i. The questions of law or fact common to Settlement Class Members, and which are relevant for Settlement purposes, predominate over the questions affecting only individual Settlement Class Members, because the lawsuit and Agreement concern, for all Settlement Class Members, the application of the same statutes to the same facts, including materially similar conduct by RUM in sending monthly statements assessing administrative fees to all Settlement Class Members as a part of Defendant's routine business; and,

ii. Certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy, because in the absence of class certification, Settlement Class Members would as a practical matter face difficulty in seeking relief for the relatively small individual claims alleged in this lawsuit.

10. The Court finds that settlement class certification is appropriate after considering (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions which weighs against class certification, as such individual actions would be impractical; there is no other litigation concerning this controversy already commenced by members of the class; and that the nature of this class certification as for settlement neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

**(a) The Fed. R. Civ. P. 23(e) Requirements**

The Court finds that the Settlement is fair, reasonable, and adequate considering the factors listed in Fed. R. Civ. P. 23(e)(2).

i. **Fed. R. Civ. P. 23(e)(2)(A)(adequate representation):** The Court finds that both Class Representatives and Class Counsel adequately represented the Settlement Class in this case. Class Counsel vigorously litigated the case and arrived at the proposed Settlement only after extensive research into the applicable law and factual issues and after multiple intensive mediations and negotiations including the exchange of information, facilitated by the parties' mediator, the Honorable Ronald B. Rubin (Ret.). The Court finds that Representative Plaintiff actively cooperated with Class Counsel and saw this case through to settlement. Thus, the Court finds that the requirement of adequate representation under Fed. R. Civ. P. 23(e)(2)(A) is satisfied.

ii. **<u>Fed. R. Civ. P. 23(e)(2)(B)(arms-length negotiation)</u>:** The Court finds that the Parties participated in intensive mediation and negotiations supervised by Judge Rubin, including multiple mediation sessions and months of negotiations involving mutual give and take and competing demands and responses. Thus, the Court finds that the requirement of arms-length negotiation under Fed. R. Civ. P. 23(e)(2)(B) is satisfied.

iii. **<u>Fed. R. Civ. P. 23(e)(2)(C)(adequate relief)</u>:** This Court finds that the relief provided to the Class is adequate considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). This Court finds that had this case proceeded to trial Plaintiffs would have faced risk, incurred extensive costs and experienced significant delay in recovery. This Court finds that the distribution and claims process is adequate as it prescribes a pro rata distribution of the common settlement fund. This Court also finds that the requested attorney's fee award of one-third (1/3) of the Common Fund is reasonable considering Class Counsel's work and the significant benefit obtained for the Settlement Class under the Settlement Agreement. This Court finds that there were no Rule 23(e)(3) agreements in this case. Thus, the Court finds that the requirement of adequate relief under Fed. R. Civ. P. 23(e)(2)(C) is satisfied.

iv. **<u>Fed. R. Civ. P. 23(e)(2)(D)(Class members treated equally)</u>:** This Court finds that the Settlement Agreement treats class members equitably relative to each other. All Settlement Class members will receive a payment based

upon the amounts charged to them which this lawsuit challenges. Thus, the Court finds that the requirement of equal treatment under Fed. R. Civ. P. 23(e)(2)(D) is satisfied.

11. After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Representative Plaintiff 's case on the merits; the existence of difficulties of proof and defenses Representative Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of RUM and the likelihood of recovery on a litigated judgment; the degree of opposition to the settlement and opt-outs from the settlement by Settlement Class members; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement is approved and shall govern all issues regarding the settlement and all rights of the Parties to this settlement, including Settlement Class members. Each Settlement Class member shall be bound by the Agreement, including the releases in the Settlement Agreement.

12. The Parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and the Settlement Administrator is hereby DIRECTED to make payments to those Settlement Class members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

13. The Petition for Award of Attorney's Fees and Costs to Class Counsel is GRANTED. The Settlement Administrator shall transfer from the Settlement Fund to the Trust Account of Gordon, Wolf & Carney, Chtd. attorney's fees in an amount equal to one-third (1/3) of the Common Fund, in accordance with the Settlement Agreement.

14. The Petition for Incentive Award is GRANTED. In accordance with the Settlement Agreement, RUM shall transfer $15,000 to the escrow Account of Gordon, Wolf & Carney Chtd. to be distributed to Representative Plaintiff pursuant to ¶ 22 of the Settlement Agreement.

15. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 21(f) & (g) of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. Any *cy pres* funds in this case shall be distributed to the University of Maryland Francis King Carey School of Law.

16. All Released Claims of each Settlement Class member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

17. Each and every Settlement Class member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

18. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

19. The Clerk is DIRECTED to CLOSE this case.

So ORDERED.

Dated: July 2, 2024.

/S/

Paula Xinis
United States District Court Judge